O’Neall J.
delivered the opinion of the Court.
*208 The rule as to the validity of a voluntary conveyance against existing debts, has been often and very distinctly laid down. “ Slight indebtedness, such as for the current expenses of a family, or debts inconsiderable in comparison to the value of the donor’s estate,” will not generally avoid the conveyance. But subject to this qualification it may be laid down as a settled rule of law, that one who is in debt, cannot make a voluntary conveyance, which will prevail against existing debts. The debt in this case, was not, it is true, a large one, but the only visible property of which the donor was possessed, was that which was conveyed. He had, it is true, an interest in a large and valuable estate, but depending upon a litigation, then commenced, and not yet determined. He could not voluntarily convey away from the reach of his creditor, that property which constituted a certain fund for the payment of his debt, and throw him upon one, which might, or might not, after considerable delay and expense, become available. This interest was altogether a chose in action, and could not be regarded as presenting a certain, and adequate fund, for the payment of his creditors’ debt.
The possession of the donor after the execution of the deed, was an evidence that it was fraudulent, both against existing and subsequent debts. In the case of subsequent creditors without explicit notice, I should think, the possession was conclusive evidence of fraud. For they credit him on the faith of the property in his possession, and as to them, he ought to be regarded as owner. In all events, and in all cases, it is however evidence of fraud, until fully and clearly explained.
The principles involved in the case were fully considered, and decided in the cases of Smith v. Henry, and M‘Elwee v. Sutton,* at our last session in Columbia: and after having generally explained the law applicable to this case, it is only necessary to refer to them as authorities against the verdict. The motion for a new trial is granted.

 Vide ante, pp. 118, 128.